## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

```
-----------------------------------------------------------------X
PAUL HAINES                             |
                                        |
                                        |    Civil Action No.
        PLAINTIFF                       |
                                        |
    v.                                  |
                                        |    COMPLAINT
                                        |
PENNSYLVANIA DEPARTMENT OF              |    A JURY TRIAL
TRANSPORTATION, A COMMONWEALTH          |
OF PENNSYLVANIA AGENCY;                 |
RONALD GORKO (individually) and         |
BRIAN SMALL (individually);             |
                                        |
        DEFENDANTS                      |
-----------------------------------------------------------------X
```

Plaintiff, Paul Haines, by and through his attorneys, Derek Smith Law Group, PLLC, upon information and belief, complains against Defendants as follows:

## INTRODUCTION

1. Plaintiff, Paul Haines, had a statutory and constitutional right to a workplace free from discrimination because of his race and color.

2. The Defendants had actual knowledge of the severe and pervasive sexual based discrimination to which Plaintiff was subjected and created a hostile environment when they failed to appropriately address such discrimination.

By acting with deliberate indifference to that knowledge, Defendants deprived Plaintiff of his Constitutional Rights in violation of Title VII of the Civil Rights Act of 1964 as more fully set forth herein. violation of 42 U.S.C. §1981, Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (amended in 1972, 1978 and by the Civil Rights Act of 1991, Pub. L. No. 102-166 ("Title VII")), and to remedy violations of the Pennsylvania Human Relations Act, as amended, 43 P.S. §§ 951, *et. seq.* ("PHRA").

3. Plaintiffs also seeks to remedy violations of the laws of Pennsylvania State and Pennsylvania Common law to redress the injuries Plaintiff has suffered as a result of being discriminated against upon the basis of sexual orientation, or for making complaints about such discrimination.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. §1331, 1343 and 2201, which gives district court's jurisdiction over all civil actions arising under the Constitution, laws, and treaties of the United States.

5. This Court has jurisdiction in that this action involves a Federal Question

6. This Court also has subject matter jurisdiction pursuant to 28 U.S.C. §1367.

7. This Court also has subject matter jurisdiction pursuant to 28 U.S.C. § 1343, which gives district courts original jurisdiction over (a) any civil action authorized by law to be brought by any person to redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States; and (b) any civil action to recover damages or to secure equitable relief under any Act of Congress providing for the protection of the civil rights.

8. Venue in The Middle District of Pennsylvania is proper as the Plaintiff resides in Falls, Wyoming County, Pennsylvania. The Defendant is located for Service in Harrisburg, Dauphin County, Pennsylvania.  All of the facts giving rise to Plaintiff's claims arose in Falls, Pennsylvania.


## **PARTIES**

9. Plaintiff, PAUL HAINES (hereafter "Plaintiff") is an adult male who resides within the County of Wyoming in the Commonwealth of Pennsylvania.

10. Defendant, Pennsylvania Department of Transportation is a Governmental Agency of the Commonwealth of Pennsylvania. (hereafter "PENNDOT")

11. Defendant, PENNDOT oversees transportation issues in the Commonwealth

of Pennsylvania. Presently, PennDOT supports over 40,500 miles (65,200 km) of state roads and highways, about 25,000 bridges, as well as new roadway construction.

12. At all times material, Defendant PENNDOT maintained an address in Pennsylvania at 1101 South Front Street Harrisburg, PA, 17104.

13. As used in this Complaint, all references to Defendant or Defendant PENNDOT shall jointly refer to Defendant PENNDOT as a Commonwealth of Pennsylvania Agency.

14. Defendant, RONALD GORKO (hereafter "GORKO") was and is a Caucasian male employed by Defendant PENNDOT as a Foreman.

15. At all times material, Defendant GORKO was Plaintiff's direct supervisor and held supervisory authority over Plaintiff with regard to his employment.

16. Defendant, BRIAN SMALL (hereafter "SMALL") was and is a Caucasian male employed by Defendant PENNDOT as Senior Highway Maintenance Manager.

17. At all times material, Defendant SMALL was Plaintiff's direct supervisor and held supervisory authority over Plaintiff with regard to his employment.


## APPLICABLE LAW AND POLICY

18. This is an action seeking damages to redress injuries suffered by the Plaintiff

as a result of unlawful employment discrimination by Defendants in violation

of 42 U.S.C. §1981, Title VII of the Civil Rights Act of 1964, as codified, 42

U.S.C. §§ 2000e to 2000e-17 (amended in 1972, 1978 and by the Civil Rights

Act of1991, Pub. L. No. 102-166 ("Title VII")), and to remedy violations of

the Pennsylvania Human Relations Act, as amended, 43 P.S. §§ 951, *et. seq.*

("PHRA"). Plaintiff seeks further relief as a result of Defendant's intentional

and systematic pattern/practice of employment discrimination based upon his

sexual orientation.


## EXHAUSTION OF ADMINISTRATIVE REMEDIES

19. On October 26th, 2020, Plaintiff dual filed a Charge of Discrimination (Charge

    No. 530-2021-00519) with the Equal Employment Opportunity Commission

    (EEOC) and the Pennsylvania Human Relations Commission (PHRC).

20. On August 5th, 2021, Plaintiff received a Notice of Right to Sue from the

    EEOC in response to his Charge of Discrimination. The PHRC has yet to issue

    a response and is named here to preserve Plaintiff's ability to Amend the

    Complaint at the time of PHRC ripeness.


## STATEMENT OF FACTS

21. On or around January 6, 2016, Defendants hired Plaintiff as a temporary

employee.

22. On or around March 5, 2018, Defendants hired Plaintiff as a full-time employee.

23. On or around June 9, 2018, "Ride me hard" was found, written in dirt on the tailgate of Plaintiff's personal truck while it was parked at Center Moreland's stockpile. Plaintiff believes that the individual Defendants learned that Plaintiff was bi-sexual, and their behavior was a form of sexual harassment.

24. On or around November 28, 2018, Defendant GORKO called Plaintiff's personal phone from his state issued work phone and sexually harassed Plaintiff by leaving a message directed at Plaintiff calling him a "Pee Pee Toucher." This was a reference to Plaintiff's sexual orientation.

25. On or around February 3, 2019, there was a meme, generated by Joe Blat who was a member of Defendant GORKO's crew, which implied that Plaintiff was unqualified and unfit to be interviewed for the foreman position. This was discriminatory conduct based upon Plaintiff's sexual preference.

26. On or around February 4, 2019, a tampon was placed on Plaintiff's chair and Defendant GORKO admitted responsibility for this action directed towards Plaintiff. This was an admitted harassment based upon Plaintiff's Protected Class membership.

27. On or around July 30, 2020, Defendant GORKO degraded Plaintiff in front of

his work crew for dropping radios. Defendant GORKO also accused Plaintiff of purposely damaging them with knowledge that Plaintiff was in pain resulting from a back injury. This effort to humiliate and degrade the Plaintiff was based upon his sexual orientation.

28. On or around August 20, 2020, Defendant GORKO continued to harass Plaintiff due to his sexual orientation by raising an issue with upper management stating Plaintiff was simultaneously working another job in addition to his position with PennDot.

29. Defendant GORKO also involved Steven Roberts, a co-employee and made incorrect assumptions regarding Plaintiff maintaining alternative employment beyond his position with PennDot all as an effort to humiliate, harass, annoy, and discriminate against Plaintiff's because of his sexual orientation.

30. Defendants GORKO and other coworkers began to "watch Plaintiff's house" in an attempt to determine whether Plaintiff had another job.

31. Plaintiff was informed by Defendant GORKO that his employment with Defendants would be terminated due to the false accusations of other employment.  Plaintiff spoke with Mr. Roberts regarding these claims and Mr. Roberts told Plaintiff that Defendant GORKO was "starting issues" and to "stay away from him because he is bringing you down." Roberts failed to address GORKO about the continued harassment and hostile work

environment that he created and violated the Defendants duty to address the discrimination of GORKO.

32. On or around September 7, 2020, Plaintiff arrived at work and was instructed to fill out a witness statement regarding destruction of a work truck that allegedly took place on September 5, 2020. Plaintiff was not aware how or when the vehicles were damaged.

33. On or around September 17, 2020, Plaintiff received pre-disciplinary conference paperwork from Mr. Roberts without explanation.

34. After reading the pre-disciplinary documentation, Plaintiff felt the need to seek legal counsel and told Defendant GORKO that he needed to leave early.

35. Defendant GORKO was on the phone with Mr. Roberts and began questioning Plaintiff regarding his reasoning for leaving early. Defendant GORKO would not give Plaintiff permission to leave until he revealed his destination. Once Plaintiff informed Defendant GORKO that he was going to meet with legal representation, he became irate with Plaintiff.

36. Later that day, while Plaintiff was at home and having lunch with family, he was disrupted by a knock at his door from the police.

37. The police officer had his hand on his gun as Plaintiff answered the door, stating that Defendant SMALL called the police and claimed that Plaintiff was "going home to beat his family and then take on the cops." Small's actions

were in response to Plaintiff's sexual orientation and the actions were discriminatory.

38. This was a false report given to the police and Plaintiff believes that Defendant GORKO fabricated the story and had SMALL contact the police in order to further harass Plaintiff because of his Protected Class status and as such, this was blatant discriminatory behavior.

39. On or around September 21, 2020, Plaintiff took Family Medical Leave Act ("FMLA").

40. Plaintiff's therapist recommended that he take FMLA due to his mental issues stemming from the workplace harassment by Defendants GORKO and SMALL.

41. Plaintiff has a return-to-work date of September 21, 2021.

42. Plaintiff claims that the named Defendants unlawfully harassed, retaliated and discriminated against Plaintiff based upon his sexual orientation and his opposition to their unlawful employment practices.

43. Plaintiff claims a continuous practice of discrimination and therefore claims a continuing violation. Plaintiff makes all claims herein under the continuing violations doctrine.

44. At all times material, Plaintiff opposed the discriminatory, harassing, and retaliatory conduct of the named Defendants, and made good-faith efforts to

take corrective action through the channels available to him as an employee of Defendant PENNDOT.

45. At all times material, Plaintiff endured the discriminatory, harassing, and retaliatory conduct of the named Defendants as conditions of his continued employment with PENNDOT.

46. At all times material, the conduct of the named Defendants set forth in this charge created a hostile work environment in which Plaintiff was subjected to severe, pervasive, and unreasonable harassment and discrimination based upon Plaintiff's sexual preference and his opposition to their unlawful employment practices.

47. Plaintiff claims that some or all of the discriminatory and harassing conduct exhibited by the named Defendants set forth in this Complaint was intentional and unlawfully based on Plaintiff's sexual preference and his opposition to their unlawful employment practices.

48. As a result of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer the loss of income, the loss of salary, bonuses, benefits, and other compensation which such employment entails. Plaintiff also suffered future pecuniary losses, emotional pain, humiliation, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses. Plaintiff has further experienced severe emotional and physical distress, and

aggravation, activation, and/or exacerbation of any preexisting condition.

49. In the event Defendants claim or a Court determines that Plaintiff is an Independent Contractor, Defendant makes all applicable claims for the above conduct and facts under the applicable law pertaining to Independent Contractors.  Furthermore, in such case, Plaintiff claims that Defendants owed and breached its duty to Plaintiff to prevent the harassment, discrimination, and retaliation and is therefore liable for negligence.

## FIRST COUNT
## FOR DISCRIMINATION UNDER TITLE VII
## AGAINST DEFENDANTS

50. Plaintiff repeats and realleges each allegation made in the above paragraphs of this complaint.

51. Title VII states in relevant parts as follows: § 2000e-2. [Section 703] (a) Employer Practices It shall be an unlawful employment practice for an employer – (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin."

52. Defendants engaged in unlawful employment practices prohibited by 42 U.S.C. § 2000e et seq., by discriminating against Plaintiff because of his

sexual orientation.

## SECOND COUNT
## FOR DISCRIMINATION UNDER TITLE VII
## AGAINST DEFENDANTS

53. Plaintiff repeats and realleges each allegation made in the above paragraphs of this complaint.

54. Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. $2000e-3(a) provides that it shall be unlawful employment practice for an employer:

    a. "(1) to … discriminate against any of his employees … because [s]he has opposed any practice made an unlawful employment practice by this subchapter, or because [s]he has made a charge, testified, assisted or participated in any manner in an investigation, proceeding, or hearing under this subchapter."

55. Defendants, retaliated against Plaintiff because he opposed and reported Defendants' unlawful employment practices of discrimination due to sexual orientation.

## THIRD COUNT
## FOR DISCRIMINATION
## UNDER STATE LAW
## AGAINST DEFENDANTS

56. Plaintiff repeats and realleges each allegation made in the above paragraphs of this complaint.

57. The PHRA § 955 provides that it shall be an unlawful discriminatory practice:

   a. "(a) For any employer because of the race, color, religious creed, ancestry, age, sex, national origin or non-job related handicap or disability or the use of a guide or support animal because of the blindness, deafness or physical handicap of any individual or independent contractor, to refuse to hire or employ or contract with, or to bar or to discharge from employment such individual or independent contractor, or to otherwise discriminate against such individual or independent contractor with respect to compensation, hire, tenure, terms, conditions or privileges Case 2:21-cv-02992-JMY Document 1 Filed 07/06/21 Page 11 of 19 of employment or contract, if the individual or independent contractor is the best able and most competent to perform the services required."

58. Defendants engaged in an unlawful discriminatory practice by discriminating against the Plaintiff because of his sexual orientation.

59. Plaintiff hereby states her claim against Defendants under all the applicable paragraphs of the PHRA § 955.

60. Defendants engaged in an unlawful discriminatory practice by discharging,

retaliating, and otherwise discriminating against the Plaintiff because of Plaintiff's opposition to the unlawful employment practices of his employer.

## FOURTH COUNT
## FOR AIDING AND ABETTING
## UNDER STATE LAW
## AGAINST DEFENDANTS

61. Plaintiff repeats and realleges each allegation made in the above paragraphs of this complaint.

62. PHRA § 955(e) provides that it shall be an unlawful discriminatory practice:

   a. " For any person, employer, employment agency, labor organization or employee, to aid, abet, incite, compel or coerce the doing of any act declared by this section to be an unlawful discriminatory practice, or to obstruct or prevent any person from complying with the provisions of this act or any order issued thereunder, or to attempt, directly or indirectly, to commit any act declared by this section to be an unlawful discriminatory practice."

63. Defendants engaged in an unlawful discriminatory practice in violation of PHRA §955(e) by aiding, abetting, inciting, compelling, and coercing the discriminatory conduct.

## FIFTH COUNT
### Hostile Work Environment and Harassment
### Civil Rights Act of 1964, 42 U.S.C. §2000e et. seq.
### AGAINST DEFENDANTS

64. Plaintiff incorporates by refence the foregoing paragraphs as set forth at length herein.

65. Defendants are an employer under 42 U.S.C. §2000 et seq. as they engage in an industry affecting commerce and have 15 or more employees for each working day of 20 or more calendar weeks in the current or preceding calendar year.

66. Plaintiff is a person and has a protected class in being bisexual.

67. Under 42 U.S.C.§2000e-2, it shall be unlawful employment practice for an employer to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin.

68. Defendant by and through Plaintiff's supervisors made remarks about Plaintiff, treated Plaintiff disparately by way of conduct motivated by discriminatory animus as set forth in the Material Facts which have been incorporated into this Cause of Action.

69. The disparate treatment was discriminatory and based upon Plaintiff's sexual

orientation.

70. The disparate treatment created a hostile work environment for Plaintiff as the treatment had an actionable impact on Plaintiff's ability to work.

71. Plaintiff's complaints about his treatment were reported to his supervisors and in accordance with the Defendant's procedures.

72. Defendant failed to address Plaintiff's complaints of discrimination fairly and properly.

73. As a direct and proximate result of Defendant's discrimination, Plaintiff has suffered loss of wages including loss of back pay, loss of front pay, loss of amenities of employment, out of pocket expenses, emotional damages, pain and suffering, alienation, loss of confidence, loss of reputation, and other similar damages and harms.

74. Defendant's actions were willful and wanton and thus require imposition of Punitive Damages.

**SIXTH COUNT**
**RETALIATION**
**CIVIL RIGHTS ACT OF 1964, 42 U.S.C. §2000e et. seq.**
**AGAINST DEFENDANTS**

75. Plaintiff incorporates the foregoing paragraphs as set forth at length herein.

76. Defendant DEFENDANTS retaliated against Plaintiff for making a complaint

of discrimination.

77. The temporal proximity between Plaintiff's complaint and termination raises an inference that the termination was retaliation, such that no further evidence of retaliation is necessary.

78. As a direct and proximate cause of Defendant's discrimination, Plaintiff suffered loss of wages including loss of back pay, loss of front pay, loss of amenities of employment, out of pocket expenses, emotional damages, and harms, all of Plaintiff's great detriment.

79. Defendants' actions were willful and wanton and thus require the imposition of Punitive Damages.

80. Defendants considered Plaintiff's protected class in deciding to disparately treat and/or terminate Plaintiff resulting in mixed-motive discrimination/retaliation, which entitles Plaintiff to an award of attorney's fees.

## SEVENTH COUNT
## Discrimination, Disparate Treatment, Hostile Work Environment, Retaliation
## Pennsylvania Human Relations Act, 43 P.S. §951 et. seq.
## AGAINST ALL DEFENDANTS

81. Plaintiff incorporates the foregoing paragraphs as set forth at length herein.

82. Defendant is an employer under the Pennsylvania Human Relations Act as it employs citizens of the Commonwealth of Pennsylvania and because

Defendant DEFENDANTS resides in Pennsylvania.

83. Plaintiff is protected under the Pennsylvania Human Relations Act and has the protected class of being bisexual.

## EIGHTH COUNT
## Vicarious Liability
## AGAINST DEFENDANT PENNDOT

84. At all times material, PENNDOT employed all other individual Defendants named in this matter. PENNDOT is vicariously liable for all of the actions of the individual Defendants as well as any other employees who may have contributed to the harm caused by the discrimination herein described.

## NINTH COUNT
## FOR DISCRIMINATION UNDER 42 U.S. CODE § 1983
## (AGAINST ALL DEFENDANTS)

85. 42 U.S. Code § 1983 sets forth:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act

or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

86. Defendants enforced a purposefully discriminatory pattern and practice of depriving individuals of the equal rights due to sexual orientation that is in violation of 42 U.S.C. §1983.

87. As a result of Defendants' discrimination in violation of Section 1983, Plaintiff has been deprived of his rights, privileges, or immunities secured by the Constitution and laws of the United States. Therefore Plaintiff was denied the enjoyment of all benefits, privileges, terms, and conditions of his employment relationship which provided substantial compensation and benefits, thereby entitling him to injunctive and equitable monetary relief; and having suffered such anguish, humiliation, distress, inconvenience and loss of enjoyment of life because of Defendants' actions, thereby entitling Plaintiff to compensatory damages.

88. As alleged above, Defendants acted with malice or reckless indifference to the rights of the Plaintiff and copious other individuals named herein, thereby entitling Plaintiff to an award of punitive damages.

89. Plaintiff makes a claim against Defendants under all applicable paragraphs of 42 U.S.C § 1983.

90. Plaintiff claims Defendants both unlawfully discriminated against Plaintiff and unlawfully retaliated against Plaintiff in violated of 42 U.S.C § 1983.

## JURY DEMAND

Plaintiff requests a jury trial on all issues to be tried.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against Defendants, jointly, severally, or in the alternative in an amount to be determined at the time of trial plus interest, including but not limited to all emotional distress and back pay and front pay, punitive damages, liquidated damages, statutory damages, attorneys' fees, costs, and disbursements of action; and for such other relief as the Court deems just and proper.

Date: August 24, 2021                    **DEREK SMITH LAW GROUP, PLLC**

By: _____
Scott E. Diamond, Esq.
1835 Market Street, Suite 2950
Philadelphia, Pennsylvania 19103
Phone: (215) 391-4790
scott@dereksmithlaw.com

*Attorneys for Plaintiff*